IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS GONZALEZ,<br><br>        *Plaintiff,*<br><br>v.<br><br>MIKE DALY, et al.,<br><br>        *Defendants.* | CIVIL ACTION<br>NO. 20-4531 |

**PAPPERT, J.**                                                                                      September 15, 2022

**MEMORANDUM**

*Pro se* plaintiff Carlos Gonzalez[1] sued several Lehigh County Jail employees under 42 U.S.C. § 1983, alleging Eighth Amendment violations. (Second Am. Compl., ECF 33.) Since his release from prison eight months ago, however, he has failed to join multiple Court teleconferences and to participate in discovery, ignoring defense counsel's repeated requests and Court-ordered deadlines. Defendants filed a Motion for Sanctions seeking dismissal of the action for failure to prosecute under Federal Rule of Civil Procedure 41(b). (ECF 63.) The Court grants the Motion.

I

Defense counsel served Interrogatories and Requests for Document Production upon Gonzalez in November of 2021. (July 21, 2022 Teleconference Tr. 2:14–16, ECF 65.) Gonzalez did not respond, so counsel wrote to him in April of 2022. (Defense Counsel's Letter of April 27, 2022, Defs.' Ex. B, ECF 64-1.) Gonzalez ignored that letter as well. (Teleconference Tr. 2:19–20.) In the interim, Gonzalez failed to join a Rule 16

---

[1] Gonzalez was an inmate at the Lehigh County Jail when he filed his complaint. He was released on January 12, 2022, and notified the Court of his change of address on January 31, 2022. (ECF 53.)

conference, held telephonically on April 12, 2022. (*Id.* at 5:15–17.)  In May of 2022, counsel sent Gonzalez another letter requesting dates when he would be available to be deposed. (*Id.* at 2:17–18.)  Gonzalez never responded to that letter, either. (*Id.* at 2:19–20.)

Nor did Gonzalez respond to the discovery requests by the June 13, 2022 deadline set in the Court's Scheduling Order. (ECF 59.) On July 18, 2022, counsel e-mailed the Court requesting a conference to discuss the discovery issues. (Teleconference Tr. 2:19–22.) The Court's Civil Deputy spoke to Gonzalez on the phone on July 20, 2022. (*Id.* at 2:25–3:5.) Gonzalez confirmed that he would be available for a teleconference on July 21, 2022, and proposed that the call be held at 4:00 p.m. (*Id.* at 3:4–6.)

Gonzalez did not join the call the following day. (*Id.* at 3:17.) The Court's Deputy unsuccessfully tried to reach Gonzalez by phone about five minutes after the call was scheduled to start. (*Id.* at 3:13–17.) The Court and defense counsel proceeded with the teleconference in Gonzalez's absence. (*Id.* at 3:17–19.) During the call, which was held on the record, the Court recounted the history of Gonzalez's litigation conduct. (*Id.* at 2:9–3:24.)

After the teleconference, the Court issued an Order directing Gonzalez to respond to defense counsel's discovery requests by August 5, 2022. (ECF 63.) In the Order, the Court warned Gonzalez that if he failed to comply, Defendants could seek sanctions, including dismissal of the case for failure to prosecute. (*Id.*) The order was mailed to Gonzalez. (*Id.*)

At 6:00 p.m. on July 21, 2022, Gonzalez emailed the Deputy, stating that he had missed the call because he was required to work overtime and asking to reschedule. The Court determined that it was unnecessary to reschedule the call, and the Deputy replied to Gonzalez's email, telling him that the teleconference would not be rescheduled, and attached a copy of the Court's Order.  (ECF 63.)  To date, Gonzalez has not objected to the Court's Order or responded to the discovery requests.

II

Federal Rule of Civil Procedure 41(b) permits a district court to dismiss a suit for failure to prosecute.  Before imposing a sanction of dismissal, a court must balance the factors set out in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense."

*Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (quoting *Poulis*, 747 F.2d at 868) (emphasis omitted).  Not all of the *Poulis* factors need to be satisfied to dismiss a case, and no single factor is dispositive.  *Id.* at 263.

The first factor, the party's personal responsibility, weighs strongly in favor of dismissal.  "As a legal proposition, . . . a *pro se* plaintiff is responsible for his failure to attend a pretrial conference or otherwise comply with a court's orders." *Briscoe*, 538 F.3d at 258.  Gonzalez explained to the Court that he missed the July 21, 2022 teleconference—which had been scheduled for the date and time he requested—because

he was tied up at work.  But he has not offered any explanation for his repeated failure to meet discovery deadlines and attend other conferences.  And being held up at work on the day of the conference does not excuse his failure to meet the August 5th discovery deadline, of which the Court went to extra lengths to apprise him by mail *and* email.

The third, fourth and fifth *Poulis* factors also weigh in favor of dismissal.  When assessing a party's history of dilatoriness, its "problematic acts must be evaluated in light of its behavior over the life of the case." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994).  Gonzalez actively litigated his claims for the first sixteen months of the case's two-year lifespan.  But in the eight months since he was released from prison, he appears to have abandoned the case.  Since January of 2022, he has not responded to discovery requests, filed motions, or taken any other steps to move the case forward.

With respect to the fourth factor, "[c]ourts have held where there is no indication that a plaintiff's failure was from excusable neglect, the conclusion that their failure is willful is inescapable." *Rodriguez v. City of Phila.*, No. 20-cv-0819, 2021 WL 1175165, at *2 (E.D. Pa. March 29, 2021) (quotation omitted) (collecting cases); *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 224 (3d Cir. 2003) (finding willfulness where "[n]o excuse ha[d] been proffered for the excessive procrastination" (first alteration in original)).  Gonzalez's failure to meet discovery deadlines despite repeated efforts by both the Court and opposing counsel to elicit his participation can hardly be characterized as "excusable neglect."

Because Gonzalez is a *pro se* litigant proceeding *in forma pauperis*, the Court's ability to impose less severe sanctions than dismissal is limited. Monetary sanctions such as fines, costs or an award of attorneys' fees are not an option. *See Briscoe*, 538 F.3d at 262–63.

The second *Poulis* factor, prejudice to the opposing party, is neutral. Prejudice may include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Id.* (quoting *Adams*, 29 F.3d at 874). But this factor does not necessarily require a showing of "irremediable" harm. *Id.* at 259. A delay that impedes the opposing party's ability to prepare effectively for trial may constitute prejudice if the impediment is sufficiently severe. *Id.* But the Court has no information suggesting that Gonzalez's delay is a source of substantial prejudice to Defendants.

Only the sixth *Poulis* factor, the meritoriousness of the claims, weighs against dismissal. In determining whether a claim is meritorious, the Court applies the same standard as it would for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Id.* at 263. The hard work here is already done: Gonzalez's sole remaining claim against Defendants has already survived a motion to dismiss. (Order Granting in Part and Denying in Part Defendants' Motion to Dismiss at 2, ECF 52.)

On balance, the *Poulis* factors weigh strongly in favor of dismissal, and the Court dismisses the case accordingly for failure to prosecute.

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.